UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DALE EDELSTEIN et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>EMPIRE FIRE AND MARINE INSURANCE )<br>CO. et al., )<br>)<br>Defendants. ) | 3:14-cv-00581-RCJ-WGC<br><br>**ORDER** |

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs sued Defendants in state court for breach of contract, insurance bad faith, violation of the Nevada Unfair Trade Practices Act, negligence, and aiding and abetting insurance bad faith. The allegations are based on the total loss by fire of Plaintiffs' detached garage while covered by a homeowners' policy (the "Policy") issued to Plaintiffs by Defendant Empire Fire and Marine Insurance Co. ("Empire"). (*See* Compl. ¶¶ 10–15, ECF No. 1-2). Plaintiffs argue they have not been fully compensated for the loss under the Policy. Defendants removed. Plaintiffs have moved to remand and for fees and costs related to the removal and remand, arguing that there is no removal jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a) because although there is complete diversity of citizenship, no more than $75,000 is at stake.

///

///

## II. LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III. ANALYSIS

Defendants first argue that there is at least $50,000 in compensatory damages at stake because Plaintiffs seek at least $10,000 for each of the five claims.  The Court agrees that the Complaint seeks at least $50,000 on its face, exclusive of fees, interest, and costs.  This is not because the total of $10,000 specified, (*see* Compl. 5, 10), is to be multiplied by the number of causes of action listed, but because Plaintiffs have alleged that the Complaint is exempt from arbitration under state law, (*see id.* 1), which is only true if more than $50,000 is demanded exclusive of fees, interest, and costs, *see* Nev. Rev. Stat. § 38.250(1)(a).[1]  Defendants also argue that Plaintiffs seek punitive damages and attorney's fees.  That is true. (*See id.* 10).  Punitive

---

1 Rule 3(A) of the Nevada Rules Governing Alternative Dispute Resolution indicates that in addition to cases seeking no more than $50,000, cases involving "actions presenting significant issues of public policy" are not subject to mediation.  Plaintiffs appear to invoke that rule on page 1 of the Complaint.  But the Court finds that a simple bad faith insurance action does not present a "significant issue of public policy."  In any case, it is not clear that Rule 3(A) can supersede the limitation imposed by section 38.250(1)(a), which does not provide such an exception from the general command of arbitration based on the amount in controversy.  The Nevada Supreme Court has been clear that court rules are inferior to statutes when there is a conflict concerning substantive rights versus purely procedural rules. *See State v. Connery*, 661 P.2d 1298, 1300 (Nev. 1983) (citing Nev. Rev. Stat. § 2.120).  It is not clear that the right to arbitration is purely procedural.  Even assuming that arbitration under Rule 3(A) is an "alternative method of resolving disputes established by the Supreme Court" from the arbitration referred to in section 38.250(1)(a), the statute provides that statutory arbitration is required unless the alternative method is "required" by the relevant court rule.  Here, the allegation in the Complaint is that the arbitration contemplated by Rule 3(A) is not required by that rule, so the "alternative method" exception from section 38.250(1)(a) does not apply.

damages and attorney's fees are included in the calculation of the amount in controversy if available by statute, rule, or contract. *See Barry v. Edmunds*, 116 U.S. 550, 562–65 (1886) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir.1998) (attorney's fees).  Punitive damages are awardable under the state law here as to any cause of action but the first, and attorney's fees are potentially available under section 18.010(2)(b) and perhaps also under the Policy itself.  The Court is convinced by a preponderance of the evidence that Plaintiffs in fact seek more than $75,000.  The Court may reconsider if it later becomes apparent that less is sought.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF Nos. 10, 12) and the Motion for Fees and Costs (ECF No. 13) are DENIED

IT IS SO ORDERED.

Dated this 21st day of January, 2015.

_____
ROBERT C. JONES
United States District Judge