**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DALE EDELSTEIN et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EMPIRE FIRE AND MARINE INSURANCE CO. et al., <br><br> Defendants. | 3:14-cv-00581-RCJ-WGC <br><br> **AMENDED ORDER** |

Plaintiffs sued Defendants in state court for various torts based on Defendants' failure to fully compensate Plaintiffs for fire damage covered by a homeowners' policy. Defendants removed. Plaintiffs moved to remand for failure to satisfy the amount in controversy. The Court denied the motion and a motion to reconsider. Plaintiffs have asked the Court to certify the remand issue for interlocutory appeal under 28 U.S.C. § 1292(b). The Court denies the motion. Questions of fact and mixed questions of law and fact are not appropriate for interlocutory appeal, as are pure questions of law. *See, e.g.*, *Link v. Mercedes-Benz of N. Am.*, 550 F.2d 860, 863 (3rd Cir. 1977) (en banc); *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases). The only pure issue of law raised is whether the Nevada Supreme Court had the ability to create the "significant matters of public policy" exemption to the statutory arbitration requirement. The Court expressed skepticism on the matter, but the question was not controlling, and therefore the

issue is not appropriate for interlocutory review. *See* § 1292(b).  The Court noted that even assuming the exemption were valid, the present case (a simple insurance action based on denial of coverage) did not involve a significant matter of public policy.[1]  That determination, which was controlling, was a mixed question of law and fact of the type not suitable for interlocutory review.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for a Certificate of Appealability (ECF No. 28) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge

---

[1] The Court notes that the Nevada Supreme Court has announced a "*strong* public policy" in favor of arbitration, *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004) (emphasis added), so an exemption from an arbitration requirement that is itself based on public policy concerns would have to implicate a public policy issue powerful enough to overcome the strong policy of reducing litigation costs.  A simple insurance action does not rise to that level.