LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

Attorneys for Defendant
QBE First Insurance Agency, Inc.,
QBE Americas, Inc., and
Empire Fire and Marine Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DALE AND APRIL EDELSTEIN, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>EMPIRE FIRE AND MARINE INSURANCE COMPANY, a Nebraska Corporation; QBE FIRST INSURANCE AGENCY, INC., a California Corporation; QBE AMERICAS, INC., a Delaware corporation; DOES I-XXX; and ABC CORPORATIONS A-Z, inclusive,<br><br>Defendants. | CASE NO.: 3:14-cv-00581-RCJ-WGC<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Defendants Empire Fire and Marine Insurance Company, QBE First Insurance Agency, Inc., and QBE Americas, Inc., by and through their undersigned counsel, and Plaintiffs Dale and April Edelstein by and through their undersigned counsel, hereby stipulate and agree to the following:

WHEREAS, Plaintiffs served Requests for Production on the Defendants seeking the production of certain information in relation to the above-referenced matter;

///

WHEREAS, the scope of the Requests for Production include certain documents alleged to be confidential and sensitive information related to the Defendants;

WHEREAS, the Defendants desire to maintain the confidentiality of this information by entering into a Confidentiality and Protective Order with the Plaintiffs;

THEREFORE, the Plaintiffs and Defendants all agree to be governed by and subject to the terms and conditions set forth herein:

1. **Confidential Information.** In providing discovery materials, Defendants may designate as "CONFIDENTIAL" the whole or part of the discovery material which constitutes trade secrets, know-how, proprietary data, marketing information, contracts, financial information, security information, confidential employee information, surveillance information and/or similar commercially sensitive business and/or employee information or data which the Defendants in good faith believe in fact is confidential or that unprotected disclosures might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

2. **Designation of Confidential Information.** If Defendants determine that any of their documents or things or responses produced in the course of discovery in this action should be designated as provided in Section 1 and, therefore, constitute "Confidential Information" they shall advise the other party ("Receiving Party") who has received such information of this fact, and all copies of such document(s); or things or response to portions thereof deemed to be Confidential shall be marked "CONFIDENTIAL" at the expense of Defendants and treated accordingly by the Receiving Party.

In the event any party marks any document or testimony "CONFIDENTIAL" which the other party believes is not confidential or proprietary in nature, the parties shall within thirty (30) days of the production of the questioned documents, meet and confer in good faith regarding removal of the "CONFIDENTIAL" designation. In the event the parties are unable to reach an agreement regarding designation of the documents as Confidential Documents subject to this Agreement or designation of testimony as subject to the restrictions of this Agreement, the party opposing the designation shall move the Court for an order

de-designating the subject documents as "CONFIDENTIAL." Nothing within this Agreement or corresponding order shall preclude either party from making such motion. The burden of persuasion of any challenge proceeding shall be on the designating party. The parties agree to continue to afford the material confidential protection until the Court rules on any such motion.

3.  **Use of Confidential Information.** All Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purpose of this lawsuit, and shall not be disclosed to anyone other than those persons identified herein in Sections 4 or 5 shall be handled in the matter set forth herein until such designation is removed by the Defendants or by Order of the Court. Such Confidential Information shall not be used by any Receiving Party or other person granted access thereto under this Stipulated and Order for any purpose, including, but not limited to, a business or competitive purpose. Nothing herein shall preclude Defendants from using their own Confidential Information.

4.  **Disclosure of Confidential Information.** Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

    a.  Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

    b.  A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    c.  Outside experts or consultants (together with clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    d.  Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing,

retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

e. The Court and its staff and any other court, tribunal, or dispute resolution officer duly appointed, chosen, or assigned in connection with this lawsuit;

f. Court reporter(s) and videographer(s) employed in this action; and

g. Any other person as to whom the parties agree in writing or that the Court in these proceedings designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (e) and (g) of Section 4 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. This restriction is not applicable to the presentation of evidence at trial, nor shall it be utilized to limit and/or restricting or closing the trial to the public.

5. **Filing of Confidential Information with the Court.** Any documents which have been designated as containing Confidential Information or any pleading or memorandum reproducing or containing such information shall be filed with the Court under seal and accompanied by a motion for leave to file under seal in conformance with United States District Court for the State of Nevada Local Rule 10-5 ("LR10-5"). Upon seeking leave to file or submit a filing under seal, the parties agree to send full and complete copies of the proposed sealed filing, with all exhibits, electronically as soon as reasonably possible to the other party, as well as mailing, via first class mail or comparable means, a paper copy of the entire filing, including exhibits.

///

///

///

6. **Copies, Summaries, or Abstracts.** Any copies, explicit summaries, or abstracts, or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" and shall be considered Confidential Information subject to the terms and conditions of this Order.

7. **Designation of Confidential Information.** Documents and other discovery materials (or portions thereof) constituting, comprising, containing or referring to Confidential Information, in whole or in part, shall be identified by being marked or stamped as "CONFIDENTIAL." With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document. If designation in this manner is impossible or impractical, Defendants may use such other method of designation as is reasonable under the circumstances.

8. **Use in Court.** In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status throughout such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use. Nothing in this Protective Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action.

9. **Other Actions and Proceedings.** If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Stipulation and Order, seeking discovery materials which were produced or designated as Confidential Information pursuant to this Stipulation and Oder, the Receiving Party shall give prompt actual written notice by hand, electronic, or facsimile transmission to Defendants within three (3) business days of receipt of such subpoena, demand, or legal process or such shorter notice as may be required to provide the Defendants with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. Should the person seeking access to Confidential Discovery Materials take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena,

demand, or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order.

10. **Order Survives Termination.** This Order shall survive termination of this action. ~~and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.~~

Dated this \_11\_ day of June, 2015.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

*(signature)*

JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
*Attorneys for Defendant*

QBE First Insurance Agency, Inc.,
QBE Americas, Inc., and
Empire Fire and Marine Insurance Company

Dated this 11th day of June, 2015.

LEVERTY & ASSOCIATES LAW CHTD.

*(signature)*

VERNON E. LEVERTY, ESQ.
Nevada Bar No. 1266
PATRICK R. LEVERTY, ESQ.
Nevada Bar No. 8840
832 Willow Street
Reno, NV 89502

and

Curtis B. Coulter, Esq.
Law Officers of Curtis B. Coulter, P.C.
403 Hill Street
Reno, NV 89501

*Attorneys for Plaintiffs*

## ORDER

As corrected above in paragraph 10, the court declines to retain jurisdiction after the termination of this action.

**IT IS SO ORDERED.**

*(signature)* William G. Cobb
UNITED STATES MAGISTRATE JUDGE

- 6 -